UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROGER CLARENCE LEACH,

        Petitioner,

v.                       Case No. 3:19-cv-818-MMH-LLL

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
        Respondents.

## ORDER

### I. Status

Petitioner Roger Clarence Leach, an inmate of the Florida penal system, initiated this action on June 12, 2019, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[1] In the Petition, Leach challenges a 1996 state court (Duval County, Florida) judgment of conviction for first degree murder, armed burglary of a dwelling, and armed robbery. He raises five grounds for relief. See Petition at 6-13. Respondents have submitted a memorandum in opposition to the Petition, arguing that the Petition is untimely. See Motion to Dismiss Petition as Untimely Filed (Response; Doc. 10). They also submitted exhibits. See Docs. 10-1 through 10-8. Leach filed a

---

[1] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

brief in reply. See Reply to State's Response (Reply; Doc. 23). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondents contend that Leach has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). See Response at 4-5. Leach concedes that the Petition is untimely. Reply at 1. Nevertheless, he urges the Court to address the merits of his claims, arguing that he is actually innocent of the crimes. See id. at 1-5. The following procedural history is relevant to the one-year limitations issue. On June 8, 1995, the State of Florida charged Leach by Indictment in Duval County case number 16-1995-CF-005140-AXXX-MA with first degree murder (count one), armed robbery (count two), and armed burglary (count three). See Doc. 10-1 at 2-3. On March 22, 1996, at the conclusion of a trial, the jury found Leach guilty as charged. See Doc. 10-8 at 20. On April 25, 1996, the circuit court sentenced Leach to life imprisonment for count one; a term of imprisonment of 13.9 years for count two, to run concurrently with count one; and 13.9 years for count three, to run concurrently with count two. See Doc. 10-2 at 2-9. Additionally, the court imposed a three-year mandatory minimum sentence on each count. See id. at 8.

On direct appeal, Leach, with the benefit of counsel, filed an initial brief; the State filed an answer brief; and Leach filed a reply brief. See Doc. 10-3 at 2-3. On July 31, 1997, the First District Court of Appeal (First DCA) affirmed Leach's convictions and sentences, see Doc. 10-4 at 3, and issued the mandate on August 18, 1997, see id. at 2.

As Leach's convictions and sentences became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Florida Rule of Appellate Procedure 9.030(a)(2), Leach's convictions and sentences became final when the time for filing a petition for certiorari in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). The time for Leach to file a petition for writ of certiorari expired on Wednesday, October 29, 1997 (ninety days after July 31, 1997).[2] See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision). Accordingly, Leach had until October 29, 1998, to file a federal habeas petition. He did not file the

---

[2] During the 90-day period, Leach filed a petition for writ of habeas corpus on September 16, 1997, and the First DCA denied it on October 21, 1997. See Doc. 10-5 at 2.

4

instant Petition until June 12, 2019. Thus, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

With the one-year limitations period having expired on October 29, 1998, none of Leach's motions filed after October 29, 1998,[3] could toll the limitations period because there was no period remaining to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that, where a state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"). Given the record, Leach's June 12, 2019 Petition is untimely filed, and due to be dismissed unless Leach can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently,

---

[3] See Response at 4; Petition at 21-22, 37-38; see also Docs. 10-6 at 2; 10-7.

and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet, 853 F.3d at 1221 (quotations and citation omitted). The burden is on Leach to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

In his Reply, Leach urges the Court to "not 'ignore' the reality of prison life," including lockdowns, quarantines, and restrictive law library access associated with COVID-19. Reply at 1. He also asserts that he could not have discovered "the facts presented to this court" until "the drafter of this Reply explained to [him] that a claim of actual innocence can be presented to a Federal court." Id. However, according to Leach, his actual-innocence assertions are simply a restatement of the claims he raised on direct appeal. See id. at 3-5.[4] Notably, the Eleventh Circuit has determined that a habeas

---

[4] Leach, with the benefit of counsel, filed his initial brief on November 20, 1996, and his reply brief on March 7, 1997. See Doc. 10-3 at 3.

6

petitioner's lack of legal training and a general ignorance or confusion regarding the law are not extraordinary circumstances warranting equitable tolling. See Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005); Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013). Additionally, pro se litigants, like other litigants, "are deemed to know of the one-year statute of limitations." Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007).

To the extent Leach asserts that he can establish cause for his untimeliness under Martinez v. Ryan, 132 S. Ct. 1309 (2012), see Petition at 18, his reliance on Martinez is misplaced. In Martinez, the Court addressed whether ineffective assistance of counsel can constitute cause for procedural default; it neither addressed equitable tolling nor AEDPA's statute of limitations. While the federal limitations period is subject to equitable tolling in certain circumstances, the Eleventh Circuit has rejected the argument that Martinez provides a basis for equitably tolling AEDPA's statute of limitations. See Lambrix v. Sec'y, Fla. Dep't of Corr., 756 F.3d 1246, 1262-63 (11th Cir. 2014); Chavez v. Sec'y, Fla. Dep't of Corr., 742 F.3d 940, 945-47 (11th Cir. 2014); Arthur v. Thomas, 739 F.3d 611, 629-31 (11th Cir. 2014) ("Because Arthur's § 2254 petition was denied due to his complete failure to timely file that § 2254 petition, the Supreme Court's analysis in Martinez . . . of when and how 'cause' might excuse noncompliance with a state procedural rule is wholly inapplicable here."); Patrick v. Warden, 828 F. App'x 518, 522 (11th Cir. 2020)

(per curiam) ("Martinez has nothing to do with equitable tolling—that case is about procedural default, which addresses when state procedural rules bar federal courts from considering certain habeas claims.") (citations omitted). Accordingly, Leach is not entitled to equitable tolling on this basis.

Additionally, Leach asserts that he is actually innocent of the burglary, robbery, and first degree murder. See Reply at 3-7. In McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), the United States Supreme Court held that a claim of actual innocence, if proven, provides an equitable exception to the one-year statute of limitations. The Court has instructed:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup[5] and House,[6] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met). And[,] in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U.S., at 332, 115 S.Ct. 851.

---

[5] Schlup v. Delo, 513 U.S. 298 (1995).

[6] House v. Bell, 547 U.S. 518 (2006).

8

Id. at 386-87. "For purposes of the 'actual innocence' exception to a procedural bar, the petitioner must show 'factual innocence, not mere legal insufficiency.'" Justo v. Culliver, 317 F. App'x 878, 880-81 (11th Cir. 2008) (quoting Bousley v. United States, 523 U.S. 614 (1998)); see Rozzelle v. Sec'y Fla. Dep't of Corr., 672 F.3d 1000, 1012-13 (11th Cir. 2012) (per curiam); see also Johnson v. Alabama, 256 F.3d 1156, 1171-72 (11th Cir. 2001) (finding claim of insufficient evidence at trial, without any new evidence, did not establish actual innocence to overcome procedural bar). Thus, to make a showing of actual innocence, Leach must show "that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995).

In his Reply, Leach reiterates the actual-innocence claims he raises in the Petition.[7] He has not offered any new reliable evidence that was not available at the time of his trial. He has not produced exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not available at that time. Indeed, he has failed to point to any evidence to demonstrate that it is more likely than not that no juror, acting reasonably,

---

[7] In the Petition, Leach asserts that he did not commit a burglary because he was living in the house, and there was no evidence on which the jury could rely to infer that consent was withdrawn (ground one), see Petition at 6; the State failed to present any evidence that he killed the victim in order to steal the victim's property (ground two), see id. at 8; and there was no evidence that he "planned the killing or that there was any hostility or rational motive for the killing[,]" id. at 9.

9

would have found him guilty beyond a reasonable doubt in light of new evidence. This is not an "extraordinary" case under the Schlup standard. House, 547 U.S. at 538. Leach simply has not met the burden of showing that equitable tolling is warranted. He has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## IV. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Leach seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Leach "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED**:

1. Respondents' request to dismiss (Doc. 10) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. If Leach appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

11

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of April, 2022.

MARCIA MORALES HOWARD
United States District Judge

Jax-1 4/7
c:
Roger Clarence Leach, FDOC #300991
Counsel of Record

12